89 F.3d 835
 152 L.R.R.M. (BNA) 2832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Carlos WILEY and Karina Wiley, doing business as Global
Marketing, Respondents.
 No. 95-6630.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: BROWN, JONES, and BOGGS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its September 12, 1995, decision and order in Case No. 7-CA-37174 in which it found the respondents violated federal labor law and directed the respondents to take certain remedial steps stated therein. The respondents did not file an answer to the complaint and have not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-37174 is hereby enforced. The respondents, Carlos Wiley and Karina Wiley, d/b/a Global Marketing, Flint, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Discharging or otherwise discriminating against its employees because they engaged in protected concerted activities by demanding that respondents correct recurring problems with employee paychecks and to discourage employees from engaging in these or other concerted protected activities.
 
 
 4
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 5
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 6
 (a) Offer Sherry Watkins immediate and full reinstatement to her former position or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights and privileges previously enjoyed, and make her whole for any loss of earnings or other benefits suffered as a result of the discrimination against her, in the manner set forth in the remedy section of the Board's decision and order.
 
 
 7
 (b) Expunge from its files any and all references to her unlawful discharge, and notify her in writing that this has been done.
 
 
 8
 (c) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 9
 (d) Post at its facility in Flint, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondents' authorized representative, shall be posted by the respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondents have taken to comply with this judgment.
 
 APPENDIX
 
 11
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 12
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 15
 To bargain collectively through representatives of their own choice
 
 
 16
 To act together for other mutual aid or protection
 
 
 17
 To choose not to engage in any of these protected concerted activities.
 
 
 18
 WE WILL NOT discharge or otherwise discriminate against our employees because they engaged in protected concerted activities by demanding that we correct recurring problems with employee paychecks and to discourage employees from engaging in these or other protected concerted activities.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 20
 WE WILL offer Sherry Watkins immediate and full reinstatement to her former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights and privileges previously enjoyed, and make her whole, with interest, for any loss of earnings or other benefits suffered as a result of the discrimination against her.
 
 
 21
 WE WILL remove from our files any and all references to her unlawful discharge, and WE WILL notify her, in writing, that this has been done and that the discharge will not be used against her in any way.
 
 
 22
 CARLOS WILEY AND KARINA WILEY, D/B/A GLOBAL MARKETING
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 23
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 24
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 25
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 26
 WE WILL NOT discharge or otherwise discipline employees because they insist on the privacy during drug testing accorded them by the collective-bargaining agreement.
 
 
 27
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 28
 WE WILL make Richard A. Ferrell, whom we previously reinstated, whole for any loss of earnings and other benefits he suffered as a result of our unlawful discharge of him, less any interim net earnings, plus interest.
 
 
 29
 WE WILL remove from our files any reference to the unlawful discharge and notify Ferrell in writing that this has been done and that the discharge will not be used against him in any way.
 
 
 30
 SEMINOLE INTERMODAL TRANSPORT, INC.
 
 
 31
 (Employer)
 
 Dated ________ By _______________
 
 32
 (Representative) (Title)
 
 
 33
 This is an official notice and must not be defaced by anyone.
 
 
 34
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 550 Main Street, Room 3003, Cincinnati, Ohio 45202-3271, Telephone 513-684-3663.